IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATRINA BECK, B.B., a minor, by and through her legal guardian KATRINA BECK, K.W., a minor, by and through his legal guardian KATRINA BECK, Z.M., a minor, by and through her legal guardian KATRINA BECK, M.M., a minor, by and through his legal guardian KATRINA BECK, SHAKEITA PERKINS, KEJUAN MOTON, and DENZEL WHITE,<br><br>    Plaintiffs,<br><br>vs.<br><br>THE CITY OF CHICAGO, NICK ZARBOCK, Star No. 18904, WILLIAM HRONOPOULOS, Star No. 9785, MICHAEL KARCZEWSKI, Star No. 1055, SCOTT BITTNER, Star No. 11126, PAUL PARKS, Star No. 12006, VINCENT CIOCCI, Star No. 12914, RICHARD MAHER, Star No. 1478, TIMOTHY WOOD, Star No. 16252, ROBERT STEGMILLER, Star No. 18764, KAREN RITTORNO, Star No. 4473, and MICHAEL O'CONNOR, Star No. 8342,<br><br>    Defendants. | Case No.<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS<br><br>**JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Sections 1983 and 1985). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1381 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff, Katrina Beck ("Beck"), was and is now a citizen of the United States.

1

4. At all times herein mentioned, Plaintiff B.B., a minor, by and through her legal guardian Beck, ("B.B.") was and is a citizen of the United States, and was within the jurisdiction of this court.

5. At all times herein mentioned, Plaintiff K.W., a minor, by and through his legal guardian Beck, ("K.W.") was and is a citizen of the United States, and was within the jurisdiction of this court.

6. At all times herein mentioned, Plaintiff Z.M., a minor, by and through her legal guardian Beck, ("Z.M.") was and is a citizen of the United States, and was within the jurisdiction of this court.

7. At all times herein mentioned, Plaintiff M.M., a minor, by and through his legal guardian Beck, ("M.M.") was and is a citizen of the United States, and was within the jurisdiction of this court.

8. At all times herein mentioned, Plaintiff, Shakeita Perkins ("Perkins"), was and is now a citizen of the United States.

9. At all times herein mentioned, Plaintiff, KeJuan Moton ("Moton"), was and is now a citizen of the United States.

10. At all times herein mentioned, Plaintiff, Denzel White ("White"), was and is now a citizen of the United States.

(Beck, B.B., K.W., Z.M., M.M., Perkins, Moton and White are collectively referred to herein as the "Plaintiffs").

11. At all times herein mentioned Chicago Police Officer Nick Zarbock, Star No. 18904 ("Zarbock"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

2

12. At all times herein mentioned Chicago Police Officer William Hronopoulos, Star No. 9785 ("Hronopoulos"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

13. At all times herein mentioned Chicago Police Officer Michael Karczewski, Star No. 1055 ("Karczewski"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

14. At all times herein mentioned Chicago Police Officer Scott Bittner, Star No. 11126 ("Bittner"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

15. At all times herein mentioned Chicago Police Officer Paul Parks, Star No. 12006 ("Parks"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

16. At all times herein mentioned Chicago Police Officer Vincent Ciocci, Star No. 12914 ("Ciocci"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

17. At all times herein mentioned Chicago Police Officer Richard Maher, Star No. 1478 ("Maher"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

18. At all times herein mentioned Chicago Police Officer Timothy Wood, Star No. 16252 ("Wood"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

19. At all times herein mentioned Chicago Police Officer Robert Stegmiller, Star No. 18764 ("Stegmiller"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

20. At all times herein mentioned Chicago Police Officer Karen Rittorno, Star No. 4473 ("Rittorno"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

21. At all times herein mentioned Chicago Police Officer Michael O'Connor, Star No. 8342 ("O'Connor"), was employed by the Chicago Police Department, and was acting under color of state law and as the employee, agent or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

(Zarbock, Hronopoulos, Karczewski, Bittner, Parks, Ciocci, Maher, Wood, Stegmiller, Rittorno, and O'Connor are collectively referred to herein as the "Individual Defendants").

22. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, The City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

23. On or about May 13, 2013, Plaintiffs resided in their home located at 2115 West Adams, Chicago, Illinois.

4

24. At that time and place the Individual Defendants entered and searched the Plaintiffs' home located in Chicago, Illinois.

25. None of the Individual Defendants knocked and announced their office or indicated they had a search warrant prior to forcibly entering Plaintiffs' home on May 13, 2013.

26. There was no legal cause to search the Plaintiffs' home on May 13, 2013.

27. The Individual Defendants caused excessive and unnecessary property damage while searching the Plaintiffs' home on May 13, 2013.

28. Plaintiffs did not consent to their home being searched on May 13, 2013.

29. On May 13, 2013, the Individual Defendants seized the Plaintiffs.

30. During the course of the search on May 13, 2013, the Individual Defendants pointed guns at the Plaintiffs.

31. Plaintiffs did not consent to being seized.

32. There was no outstanding arrest warrant for Plaintiffs.

33. There was no legal cause to seize Plaintiffs.

34. During the course of seizing Plaintiffs, the Individual Defendants used force against Plaintiffs B.B., Moton and Perkins.

35. There was no legal cause for the Individual Defendants to use force against Plaintiffs B.B., Moton and Perkins.

36. On or about May 13, 2013, Defendants Zarbock and Hronopoulos caused false criminal charges to be brought against Beck for possession of a controlled substance.

37. On or about June 4, 2013, the charges terminated in Beck's favor.

38. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries, including but not limited to, property damage, humiliation and indignities, and

plaintiffs suffered great mental and emotional trauma, pain and suffering all to their damage in an amount to be ascertained.

39. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

40. By reason of the above-described acts and omissions of the Defendants, and each of them, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of her rights. By reason thereof, Plaintiffs requests payment by Defendants, and each of them, of a reasonable sum for attorneys' fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### Plaintiffs against the Individual Defendants
### For Unreasonable Search and Seizure

41. Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty (40) hereafter as though fully set forth at this place.

42. By reason of the Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to her by the Fourth and Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

43. The arbitrary intrusion by Defendants into the security and privacy of Plaintiffs' home was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner on May 13, 2013: (1) the forcible entry and search of Plaintiffs' home; (2) forcibly entering the home without first knocking and announcing their office; (3) causing excessive and unnecessary property damage to

the Plaintiffs' home and personal property contained therein; (4) seizing Plaintiffs' property without just cause; and (5) seizing Plaintiffs without just cause. These acts were in violation of the Plaintiffs' Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff against Defendant Zarbock for Unreasonable Procurement of a Search Warrant

44. Plaintiff hereby incorporates and realleges paragraphs one (1) through forty (40) hereat as though fully set forth at this place.

45. Plaintiff is informed and believes that Defendant Zarbock may have procured a search warrant on or about May 13, 2013, identifying Beck as the target of the warrant, Plaintiffs' home as the premises to be searched, and cannabis and any related paraphernalia as the items to be seized.

46. Cannabis was not present within Plaintiffs' home on May 13, 2013.

47. Procurement of the search warrant was unreasonable and unconstitutional for one or more of the following reasons:

   a. the Defendant relied upon a confidential informant who had not previously provided reliable information in order to obtain the warrant;

   b. the Defendant failed to independently verify information provided by the confidential informant prior to obtaining the warrant;

   c. the Defendant failed to advise the Assistant State's Attorney approving the warrant application and the judge issuing the warrant of all available relevant information related to Plaintiffs' home and Beck.

   d. the Defendant failed to conduct a search of available databases for any information connecting Beck to marijuana;

e. the Defendant failed to be truthful with the Assistant State's Attorney approving the warrant application and the judge issuing the warrant regarding all information provided by any alleged confidential information and corroboration of that information or lack thereof;

48. No reasonably well trained police officer in the position of Zarbock would have applied for the search warrant obtained by Zarbock and it was done intentionally or with reckless disregard to the rights of Plaintiff.

49. As a result of Zarbock's unreasonable procurement of the search warrant, Plaintiffs sustained damages including but not limited to property damage, property loss, and emotional distress.

50. The procurement of the search warrant was in violation of Plaintiffs Constitutional Rights and not authorized by law. The foregoing was unnecessary, unreasonable and excessive, and in violation of Plaintiff's Fourth Amendment rights under the U.S. Constitution. Therefore, Zarbock, in his individual capacity is liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs B.B., Moton and Perkins Against the INIDIVIDUAL DEFENDANTS for EXCESSIVE FORCE

51. Plaintiffs B.B., Moton and Perkins hereby incorporate and reallege paragraphs one (1) through thirty (40) hereat as though fully set forth at this place.

52. During and immediately after Plaintiffs' seizure, the Individual Defendants used excessive force against B.B., Moton and Perkins.

53. There was no legal cause for the Individual Defendants to use force against B.B., Moton and Perkins.

54. By reason of the Individual Defendants' conduct, B.B., Moton and Perkins were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

55. The physical violence inflicted upon B.B., Moton and Perkins was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiffs' Fourth and/or Fourteenth Amendment Rights. Therefore, Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983.

### COUNT IV
### Plaintiffs against the Individual Defendants and the City of Chicago for the State Supplemental Claim of Trespass

56. Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

57. The Individual Defendants committed the tort of trespass when they entered Plaintiffs' home without permission or authority on May 13, 2013.

58. The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

### COUNT V
### Plaintiff Beck against Zarbock, Hronopoulos, and the City of Chicago For The Supplemental Claim of Malicious Prosecution

59. Plaintiff incorporates and realleges paragraphs one (1) through forty (40) hereat as though fully set forth at this place.

60. On May 13, 2013, Defendants Zarbock and Hronopoulos caused a criminal prosecution to commence against Beck.

61. Zarbock and Hronopoulos, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against Beck without probable cause for the institution of these proceedings. As a result, Beck was injured

emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

62. Zarbock and Hronopoulos initiated, facilitated, and/or continued this malicious prosecution by the creation of false evidence, by giving false police reports, preparing and signing false criminal complaints, and/or by preparing false witness statements.

63. The criminal proceedings terminated in the Beck's favor on or about June 4, 2013.

64. The City of Chicago is liable to Beck for the acts of Zarbock and Hronopoulos pursuant to the doctrine of *respondeat superior*.

65. Therefore Zarbock, Hronopoulos and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

**COUNT VI**
**Plaintiffs against the Individual Defendants and**
**the City of Chicago for the Supplemental Claim of Assault**

66. Plaintiffs hereby incorporate and reallege paragraphs one (1) through forty (40) hereat as though fully alleged at this place.

67. During the course of the search of Plaintiffs' residence, the Individual Defendants committed the Illinois tort of assault when they intentionally and without legal cause pointed their guns at Plaintiffs without justification and thereby placed Plaintiffs in reasonable apprehension of receiving a battery.

68. The City of Chicago is liable to Plaintiffs for the acts of the Individual Defendants pursuant to the doctrine of *respondeat superior*.

69. As a result of these acts and/or omissions Plaintiffs were damaged, and the Individual Defendants and the City of Chicago are liable under the supplemental state law claim of Assault.

WHEREFORE, Plaintiffs, by and through their attorneys, ED FOX & ASSOCIATES, requests judgment against the Defendants, and each of them as follows:

1. That the Defendants be required to pay the Plaintiffs' general damages including emotional distress, in a sum to be ascertained.

2. That Defendants be required to pay Plaintiffs' special damages.

3. That Defendants, except the City of Chicago, be required to pay Plaintiffs' exemplary and punitive damages in a sum to be ascertained;

4. That Defendants be required to pay Plaintiffs' attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

5. That Defendants be required to pay Plaintiffs the costs of suit herein incurred; and

6. That Plaintiffs have such other and further relief as the court may deem just and proper.

BY: s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com

**PLAINTIFFS HEREBY REQUEST A TRIAL BY JURY**

BY: s/Jonathan R. Ksiazek
Jonathan R. Ksiazek
ED FOX & ASSOCIATES
Attorneys for Plaintiffs
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jksiazek@efox-law.com